IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Shawntae Thornton,

           Plaintiff,    Case No. 1:20-cv-01257

v.                          Michael L. Brown
                             United States District Judge
McCarthy Building Companies,
Inc.,

           Defendant.
_____/

**OPINION & ORDER**

Plaintiff Shawntae Thornton seeks to add a defendant party and remand to state court under 28 U.S.C. § 1447(e). (Dkts. 7; 8.) Defendant McCarthy Building Companies, Inc., opposes Plaintiff's motions. (Dkt. 10.) The Court grants Plaintiff's Motion to Add Defendant Party. Because this Court lacks jurisdiction as a result of the joinder, it grants Plaintiff's Motion to Remand.

I.    **Background**

On June 29, 2018, Plaintiff underwent a surgical procedure at Emory University Hospital. (Dkt. 8-3 at 3.) On July 1, 2018, a nurse

assisted Plaintiff, still in the hospital recovering from the procedure, to the restroom to take a shower. (*Id.*) Plaintiff sat on the shower seat, which then collapsed. (*Id.*) Because of this accident, Plaintiff suffered injuries, and her healing process from the procedure was exacerbated. (*Id.* at 4.)

On January 13, 2020, Plaintiff sued Defendant in state court. (Dkt. 7-1 at 1.) On February 13, 2020, Plaintiff filed a motion to add defendant party, Emory Healthcare Services Management, L.L.C., and affiliates (Emory). (*Id.* at 2.) Then, on March 19, 2020, Defendant removed the action to federal court. (*Id.*)

On April 13, 2020, Plaintiff filed a motion to add defendant party (Emory) and a motion to remand. (Dkts. 7; 8.) On April 20, 2020, Defendant filed a response opposing Plaintiff's motion to remand. (Dkt. 10.) The issue before the Court is whether Emory should be added as a defendant. If so, diversity jurisdiction would be destroyed,[1] and the action must be remanded to state court.

---

[1] Diversity jurisdiction requires complete diversity — "[t]hat is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different state from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). Here, Plaintiff resides in

## II.   Standard of Review

Under 28 U.S.C. § 1447(e), "[i]f after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." When a plaintiff seeks to amend her complaint to add a defendant such that the court would no longer have diversity jurisdiction, the court should scrutinize that amendment more closely than an ordinary amendment. *Dever v. Family Dollar Stores of Ga., L.L.C.*, 755 F. App'x 866, 869 (11th Cir. 2018) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).

## III.   Discussion

In deciding whether joinder of a nondiverse defendant is appropriate, courts consider four factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for amendment, (3) whether the plaintiff will be significantly injured if amendment is not allowed, and

---

Georgia. (Dkt. 1 ¶ 6.) Defendant is a Missouri corporation with its principal place of business in Missouri. (*Id.* ¶ 7.) Emory is a Georgia corporation with its principal place of business in Georgia. (Dkt. 8-1 at 3–4.)

(4) any other factors bearing on the equities. *Dever*, 755 F. App'x at 869 (citing *Hensgens*, 833 F.2d at 1182). The court has broad discretion in weighing these factors. *Id.* And, "[b]ecause the court's decision will determine the continuance of its jurisdiction, the addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum." *Hensgens*, 833 F.2d at 1182.

### A.  Plaintiff's Purpose

The first factor the Court should analyze is the extent to which the purpose of the amendment is to defeat federal jurisdiction. Most cases in which an improper purpose exists involve the plaintiff seeking to add a defendant party for the first time *after* removal in order to destroy subject matter jurisdiction. *See, e.g.*, *Ortiz v. Ross Dress for Less, Inc.*, No. 19-60443-CIV, 2019 WL 5291043, at *4 (S.D. Fla. May 2, 2019) ("The timing of the proposed amended pleading, filed only after the Plaintiff knew that the case had been removed, strongly suggests that the Plaintiff is seeking to avoid federal court by adding the store manager, which weighs against permitting the amendment."). That is not the case here. Plaintiff filed a motion to add Emory in state court nearly one month before Defendant filed a notice of removal. (Dkt. 7-1 at 3.) This indicates Plaintiff's

4

purpose was not to destroy federal jurisdiction. The first factor strongly favors permitting the amendment.

## B. Timeliness

The second factor is whether Plaintiff was dilatory in asking for joinder. The Court finds Plaintiff has not been dilatory. Plaintiff filed a motion to add Emory in state court one month after filing her initial complaint in state court. (Dkt. 7-1 at 2.) And she again sought to add Emory in federal court less than one month after Defendant filed a notice of removal. (*Id.* at 4.) *See, e.g.*, *Quattlebaum v. Fed. Express Corp.*, No. 1:19-cv-210, 2019 WL 2518337, at *3 (M.D. Ala. June 18, 2019) (finding two months after removal was not dilatory); *Dever v. Family Dollar Stores of Ga., L.L.C.*, No. 2:17-cv-19, 2019 WL 6323078, at *3 (S.D. Ga. Dec. 3, 2018) (finding a month and a half after removal was not dilatory); *Starnes Davis Florie, L.L.P. v. GOS Operator, L.L.C.*, No. 12-387-WS-N, 2012 WL 3870413, at *4 n.10 (S.D. Ala. Sept. 5, 2012) (finding about a month after removal was not dilatory). *But see Turner v. Wal-Mart Stores E., L.P.*, No. 7:11-cv-181, 2012 WL 6048949, at *2 (M.D. Ga. Dec. 5, 2012) (finding almost eleven months after removal and two months before

discovery ended as dilatory). This factor also strongly favors permitting the amendment.

### C.  Harm to Plaintiff

The third factor is whether Plaintiff will be significantly injured if joinder is not allowed. In analyzing this, courts generally attempt to determine whether a plaintiff can be afforded complete relief in the absence of the amendment. *Dever*, 2018 WL 6323078, at *3 (citing *Starnes*, 2012 WL 3870413, at *4 n.10). Plaintiff argues she would be significantly injured if Emory was not added as a defendant because "[i]t is not clear whether the incident was caused by the Defendant or by Emory." (Dkt. 7-1 at 4.) If the Court were to deny Plaintiff's motion, Plaintiff could still proceed against Defendant in this Court, and Plaintiff could pursue a claim against Emory in state court.

But "the redundancy, duplication of effort and expense, and multiplication of proceedings inherent in such parallel litigation is an injury to plaintiff that certain courts have deemed sufficient to satisfy this factor." *Starnes*, 2012 WL 3870413, at *4 (citing *Holiday Isle, L.L.C. v. Clarion Mortg. Capital, Inc.*, No. 07-00798, 2008 WL 1756369, at *3 (S.D. Ala. Apr. 11, 2008)). Thus, while Plaintiff may not be "significantly

injured" if the Court denies her motion, she would nonetheless be forced to expend the time, effort, and expense necessary to pursue parallel litigation based on the same facts in two separate judicial fora. Accordingly, this factor weighs in favor of permitting the amendment.

### D.  Other Equitable Considerations

The fourth factor allows the court to consider any other factors which bear on the equities. In balancing the equities, the parties are not on equal footing, and the court should give consideration to the defendant's right to choose the federal forum. *Hensgens*, 833 F.2d at 1182. Defendant's interest in proceeding in federal court weighs against amendment. But the expense, waste of judicial resources, and risk of inconsistent outcomes that would result from denying the amendment and requiring Plaintiff to initiate parallel litigation in state court weigh in favor of allowing the amendment.

Lastly, Defendant argues it "was never served with, or otherwise notified of," Plaintiff's motion to add Emory in state court. (Dkt. 10 ¶ 3.) This argument goes to the propriety of removal under § 1446(b). *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007) ("[I]n assessing the propriety of removal, the court considers the document

received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal unambiguously establish federal jurisdiction."). Such an argument is irrelevant to the issue before the Court because no one disputes that removal was proper on March 19, 2020, as between Plaintiff and Defendant.

## IV.   Conclusion

The Court concludes that, under the four factors, the balance of the equities favors amendment. Allowing the joinder of Emory, a nondiverse defendant, will destroy subject matter jurisdiction. Therefore, remand is required.

The Court **GRANTS** Plaintiff's Motion to Add Defendant Party (Dkt. 7) and Plaintiff's Motion to Remand (Dkt. 8). "Emory Healthcare Services Management, LLC, and affiliates" shall be added as a defendant. The Court **REMANDS** this action to the State Court of Gwinnett County, Georgia.

**SO ORDERED** this 17th day of November, 2020.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE